## HAAS v WILSON, Admrx et

Ohio Appeals, 9th Dist, Summit Co

No 2023.   Decided Feb 15, 1932

Musser, Kimber & Huffman, Akron, for plaintiff in error.

Lee J. Myers, Akron, for defendant in error Regina Wilson.

PARDEE, PJ.

With this complaint in mind, we have carefully read all of the evidence, and we disagree with the claims of the plaintiff in error, as there is evidence in the record which tends to prove that the truck and trailers of the plaintiff in error were east of the center of the highway at the time the coupe in which the decedent was riding came into collision with it, and from our examination of this evidence, taken in connection with all the other evidence in the record, we are unable to say that the finding of the jury that the plaintiff in error was negligent is manifestly against the weight thereof.

The plaintiff in error also complains of the refusal of the trial judge to give his special requests Nos. 1, 2 and 4, as shown on pages 201 and 202 of the bill of exceptions.

Requests Nos. 1 and 2 were properly refused by the trial judge, because the substance of each of them was covered by request No. 3 which was given, and request No. 4 was properly refused because it left out many essential elements applicable to the question of emergency.

As provided in §11463 GC, the court submitted the three interrogatories herein referred to. Interrogatory No. 1 was properly submitted by the trial court to the jury. Interrogatories Nos. 2 and 3 were improperly submitted, because No. 2 was not an interrogatory as to a particular question of fact but was a question requiring an answer upon a mixed question of fact and law, and came within the rule announced by the Supreme Court, as follows:

"This interrogatory does not call for a special finding upon a particular question of fact as contemplated by such statutory provision, but rather for a combined finding of fact and conclusion of law, which conclusion may or may not be drawn from findings of particular facts returned by the jury, and therefore should not have been submitted by the trial court. Such instruction and finding as are contemplated by the statute authorizing the submission of interrogatories, are well illustrated by the second interrogatory above stated and its answer. An affirmative answer thereto would undoubtedly have been controlling and would have required a judgment for plaintiff in error. The answer given, not constituting a special finding upon a particular question of fact, was properly disregarded by the trial court, and consequently the action of the court of appeals, affirming the judgment of the Court of Common Pleas entered upon the general verdict, is affirmed."

**Brier Hill Steel Co. v Ianakis, 93 Oh St 300, at p. 303.**

"2. The purpose of §5201 of the Revised Statutes is to elicit from the jury such special findings of fact as will test the correctness of the general verdict, if a general verdict is returned; and it requires the court, upon request, to direct answers to be returned to such questions, stated in writing as will elicit from the jury a finding of any fact whose legal effect may be, when considered with other facts admitted or to be found, to show whether or not the general verdict results from an erroneous application of the law; but it does not require the submission to the jury of questions whose purpose is only to ascertain the mental processes by which the jury may arrive at conclusions of fact."

**Cleve. & Ely. Elec. R. R. Co. v Hawkins, 64 Oh St 391.**

"But the statute does not contemplate that by means of such questions the jury may be quizzed respecting the mental processes by which they arrive at conclusions of fact. Its object is to enable the court to determine as a matter of law whether the general verdict is right in view of the jury's conclusions upon questions of fact, **not to aid the court in determining whether the verdict is contrary to the weight of the evidence.**"

Id., at p. 397.

It is therefore apparent that the answers to interrogatories Nos. 2 and 3 do not have any force or effect and are of no assistance in arriving at a proper conclusion in this case.

There being several allegations of negligence set forth in the petition and evidence introduced to sustain the same, and a general verdict having been returned, and there being no special findings of facts which in any way affect said verdict, and it being our judgment that the verdict is not manifestly against the weight of the evidence and that the record does not disclose any other prejudicial error, the judgment is affirmed.

WASHBURN and FUNK, JJ, concur.